## Succession of Lucy Ann Caldwell.

At a Sheriff's sale of real estate, according to the terms of the sale, as announced and entered on the Sheriff's books, the credit price of the sale was to bear six per cent. interest per annum to maturity, and eight per cent. eventual interest; the purchasers having given their notes to bear eventual interest only, the Sheriff, some time afterwards, took a rule upon them to show cause why they should not comply with the terms and conditions of the sale as announced—*Held :* That after the Sheriff had made a sale of the property, executed the deed, delivered the notes of the purchasers to the party entitled to them, and returned the writ into court, he was without further interest in the controversy, and, consequently, the rule taken by him could not be maintained.

APPEAL from the Second District Court of New Orleans, *Morgan. J.*
W. *H. Hunt,* for plaintiff. *C. Dufour,* for defendants and appellants.

MERRICK, C. J. The present proceeding is a rule taken by the Sheriff, *E. T. Parker,* against *D. Verges* and *P. Murphy,* to show cause why they should not comply with the terms and conditions of the sale under execution of three pieces of real estate, at which they were declared to be the purchasers.

No exception appears to have been filed to the proceeding by rule ; and the parties, so far as the record discloses, went to trial without objection upon the merits.

It appears that the property was advertised to be sold for one-fifth cash, and the residue on a credit of 6, 12, 18, 24, 30 and 36 months, and one portion of the same was, by the advertisement, to bear " six per cent. interest."

On the day of sale, the Deputy Sheriff announced orally, and entered on his book, that the credit price for which the other two pieces of property should be sold was to bear " six per cent. interest per annum to maturity, and eight per cent. eventual interest."

The defendants in the rule, however, gave their notes to bear eight per cent. interest *after maturity* only, and the Sheriff executed his deed, and returned the proces-verbal of his sale. The agent of the legatee received the notes, and kept them in his custody some months, when he discovered that the six per cent. interest was omitted from their face. He immediately, and before maturity of any of them, delivered them to the Sheriff, and this rule has been taken *by the Sheriff* to compel a compliance with the terms of sale, as announced and entered on the Sheriff's books.

Having been condemned on the trial of the rule, the purchasers appeal.

We are of the opinion, that the present proceeding cannot be maintained.

After the Sheriff had made a sale of the property, executed the deed, delivered the notes of the purchasers to the party entitled to them, and returned the writ into court, he was without further interest. His agency had ceased with the return of the writ under which he acted. It cannot therefore be said, that the Sheriff has a real and actual interest in the matter in controversy, and, as a consequence, the rule taken by him must be discharged. C. P. Art. 15.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and we do now order, adjudge and decree, that the rule taken by the Sheriff in this case be discharged, at his costs, and that he pay the costs of the appeal.